IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

AUGUST 1996 SESSION



FILED

**December 4, 2001**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | NO. 02C01-9509-CC-00261 |
| | ) | |
| Appellee | ) | HENRY COUNTY |
| | ) | |
| V. | ) | HON. JULIAN P. GUINN, JUDGE |
| | ) | |
| MICHAEL ANTHONY PIKE | ) | (Sentencing) |
| | ) | |
| Appellant | ) | |
| | ) | |

FOR THE APPELLANT

Barton F. Robison
104 West Washington Street
Paris, Tennessee 38242

FOR THE APPELLEE

Charles W. Burson
Attorney General and Reporter
450 James Robertson Parkway
Nashville, Tennessee 37243-0493

Michelle L. Lehman
Assistant Attorney General
450 James Robertson Parkway
Nashville, Tennessee 37243-0493

Robert Radford
District Attorney General

Vicki Snyder
Assistant District Attorney General
P.O. Box 686
Huntingdon, Tennessee 38344

OPINION FILED:_____

AFFIRMED

William M. Barker, Judge

The Appellant, Michael Anthony Pike, appeals as of right his sentences for simple possession of marijuana, possession of marijuana with intent to sell, and possession of drug paraphernalia. He argues on appeal that the trial judge erred by not placing him in community corrections or, in the alternative, by not giving him the minimum statutory sentences. After a careful review of the record on appeal, we affirm the trial court's judgment.

On November 14, 1994, the Appellant was arrested after attempting to make a marijuana purchase from undercover police officers. After the arrest, the police officers obtained a search warrant for the Appellant's hotel room and found another quantity of marijuana and rolling papers. On May 22, 1995, the Appellant pled guilty to all charges. After a sentencing hearing, the trial judge sentenced him to two years confinement for possession of marijuana with intent to sell, eleven months and twenty-nine days for both simple possession of marijuana and possession of drug paraphernalia, all sentences to be served concurrently.

When an Appellant complains of his or her sentence, we must conduct a de novo review with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d) (1990). The burden of showing that the sentence is improper is upon the appealing party. Id. Sentencing Commission Comments. This presumption, however, is conditioned upon an affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

The Appellant first contends that the trial judge should have ordered alternative sentencing by placing him in community corrections. This issue is without merit.

The Appellant argues that he should have received alternative sentencing because as a Class E felon he is presumed a favorable candidate for alternative sentencing. See Tenn. Code Ann. 40-35-103(b) (1990). He further contends that alternative sentencing is appropriate because he has testified in front of a federal

grand jury trying to crack down on a drug ring and because he is the sole provider for his children.

The trial judge, however, opined that placing the Appellant in community corrections would depreciate the seriousness of his offenses. See Tenn. Code Ann. § 40-35-103 (1)(B) (1990). Regarding the grand jury testimony, the trial judge found that the Appellant failed to show that any indictments had been handed down or any arrests made as a result of his testimony. However, the trial judge stated that if the Appellant could show that the testimony resulted in any indictments or convictions, the trial judge would consider suspending the Appellant's sentences. Moreover, the trial judge found that an order of alternative sentencing would not be in the best interest of justice, the public, or the Appellant himself and that the Appellant should have thought about his children before dealing in drugs. Accordingly, the trial judge declined to find the Appellant a good candidate for community corrections or any other type alternative sentencing. We agree.

The Appellant's second contention is that the trial judge erred when he did not give the Appellant the minimum sentence for possession of marijuana with intent to sell. This issue is also without merit.

When determining the length of a sentence, the trial judge shall start at the minimum sentence, increase it considering appropriate enhancement factors, and decrease it considering appropriate mitigating factors. Tenn. Code Ann. § 40-35-210 (Supp. 1995).

At the sentencing hearing, the trial judge found that the Appellant has a substantial previous history of both criminal convictions and criminal behavior. See Tenn. Code Ann. § 40-35-114(1) (Supp.1995). The record supports the trial judge's findings in that regard.

The Appellant then offered two mitigating factors. First, that his "conduct neither caused nor threatened serious bodily injury" and second, that he has been assisting the police in uncovering other criminal activity. Tenn. Code Ann. § 40-35-

3

113(1), (9) (1990).  The trial judge did not give either mitigating factor much weight.
See State v. Mann, No. 02C01-9504-CC-00101 (Tenn. Crim. App., Jackson, Oct. 18, 1995), *permission to appeal denied* (April 1, 1996) (stating that the serious bodily injury mitigating factor has little weight when the sale of drugs to the public is involved); State v. Keel, 882 S.W.2d 410 (Tenn. Crim. App. 1994) (suggesting that when an appellant tries to assist the police in uncovering criminal activity and the assistance bears no fruit, the requirements of mitigating factor number nine are not fulfilled).  Considering both enhancing and mitigating factors, the trial judge ruled that the enhancement factor far outweighed the mitigating factors and enhanced the Appellant's sentence from one year to two years.

We find no abuse of the trial court's discretion.  Accordingly, we affirm the Appellant's sentences.


_____
WILLIAM M. BARKER, JUDGE

CONCUR:


_____
GARY R. WADE, JUDGE


_____
JERRY L. SMITH, JUDGE

4